IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

HERMAN L. BLACK,

    Plaintiff,

v.                                                            Civil Action No. **3:16CV349**

JOSEPH A. HIGGS, JR., *et al.*,

    Defendants.

## MEMORANDUM OPINION

Herman L. Black, a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this 42 U.S.C. § 1983 action.[1] The matter is proceeding on Black's Particularized Complaint ("Complaint," ECF No. 15.) Black names Joseph A. Higgs and Barbara Meade as Defendants.[2] Defendants have moved to dismiss. Black has responded. For the reasons set forth below, the Motions to Dismiss (ECF Nos. 22, 42) will be GRANTED IN PART AND DENIED IN PART.

### I. Standard for Motion to Dismiss

When an individual is proceeding *in forma pauperis*, this Court must dismiss the action if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). The first standard includes claims based upon "an

---

[1] The statute provides, in pertinent part:

> Every person who, under color of any statute ... of any State ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law ....

42 U.S.C. § 1983.

[2] Higgs is the Superintendent of the Rappahannock Regional Jail ("the Jail"). Meade is a nurse at the Jail.

indisputably meritless legal theory," or claims where the "factual contentions are clearly baseless." *Clay v. Yates,* 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 327 (1989)), *aff'd,* No. 93-6534, 1994 WL 520975, at * 1 (4th Cir. Sept. 23, 1994). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin,* 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari,* 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin,* 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (omission in original) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must assert facts that rise above speculation and conceivability to those that "show" a

2

claim that is "plausible on its face." *Iqbal*, 556 U.S. at 678–79 (quoting Fed. R. Civ. P. 8(a)(2); *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). In order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citations omitted). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, *sua sponte* developing statutory and constitutional claims the inmate failed to clearly raise on the face of his or her complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. Summary of Allegations

At the time he filed the Complaint, Black was incarcerated in the Jail, awaiting transfer to the Virginia Department of Corrections to serve his five-year sentence. Black has a "severe hearing disorder" and requires a hearing aid. (Compl. 2.)[3] Nurse Meade "has the proof that [Black has] a severe hearing disorder and needs hearing aids. She says it's not life threatening, [therefore Black] somehow needs to come up with the money to pay for the [hearing aid]." (*Id.* at 3.) Nurse Meade, however, knows that Black has no money to pay for the hearing aid. Superintendent Higgs knows of Black's "circumstances, knows [Black's] inmate account has had a negative balance for the past 14 months. Still, he agrees with the head nurse that [Black] needs to pay for the hearing aid, [Higgs] knows [Black] can't pay." (*Id.*) The lack of a hearing aid has

---

[3] The Court corrects the spelling, punctuation, and capitalization in the quotations from Black's Complaint.

3

made Black's hearing "worse." (*Id.* at 2.) Black contends that he requires a hearing aid to "get [his] hearing back" so that he "will be able to hear what's going on around" him. (*Id.* at 4.)

Black demands monetary damages and injunctive relief. (*Id.*) Essentially, Black contends that Defendants' failure to provide a hearing aid violates his rights under the Eighth Amendment.[4]

### III. Defendants' Arguments for Dismissal

Defendants argue that Black's demand for injunctive relief should be dismissed as moot and his Eighth Amendment claim should be dismissed for failure to state a claim. For the reasons set forth below, the Motions to Dismiss will be GRANTED with respect to the demand for injunctive relief and DENIED with respect to the Eighth Amendment claim.

#### A. Mootness

Since the filing of the Complaint, Black has been transferred from the Jail to the Virginia Department of Corrections ("DOC"). (ECF Nos. 39, 48.) "[A]s a general rule, a prisoner's transfer or release from a particular prison moots his claims for injunctive and declaratory relief with respect to his incarceration there." *Rendelman v. Rouse*, 569 F.3d 182, 186 (4th Cir. 2009) (citing *Incumaa v. Ozmint*, 507 F.3d 281, 286–87 (4th Cir. 2007); *Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991); *Taylor v. Rogers*, 781 F.2d 1047, 1048 n.1 (4th Cir. 1986)). That is the case here. Black's May 1, 2017 transfer from the Jail to the DOC mooted his claim for injunctive relief. Accordingly, Black's claim for injunctive relief in the form of medical care from the Jail officials will be DISMISSED AS MOOT.

---

[4] "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII.

4

## B. Eighth Amendment

To make out an Eighth Amendment claim, an inmate must allege facts that indicate (1) that objectively the deprivation suffered or harm inflicted "was 'sufficiently serious,' and (2) that subjectively the prison officials acted with a 'sufficiently culpable state of mind.'" *Johnson v. Quinones*, 145 F.3d 164, 167 (4th Cir. 1998) (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). Under the objective prong, the inmate must allege facts that suggest that the deprivation complained of was extreme and amounted to more than the "routine discomfort" that is "part of the penalty that criminal offenders pay for their offenses against society." *Strickler v. Waters*, 989 F.2d 1375, 1380 n.3 (4th Cir. 1993) (quoting *Hudson v. McMillian*, 503 U.S. 1, 9 (1992)). "In order to demonstrate such an extreme deprivation, a prisoner must allege 'a serious or significant physical or emotional injury resulting from the challenged conditions.'" *De'Lonta v. Angelone*, 330 F.3d 630, 634 (4th Cir. 2003) (quoting *Strickler*, 989 F.2d at 1381).

In order to state an Eighth Amendment claim for denial of adequate medical care, "a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). "To establish that a health care provider's actions constitute deliberate indifference to a serious medical need, the treatment must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Miltier v. Beorn*, 896 F.2d 848, 851 (4th Cir. 1990) (citing *Rogers v. Evans*, 792 F.2d 1052, 1058 (11th Cir. 1986)). Furthermore, in evaluating a prisoner's complaint regarding medical care, the Court is mindful that "society does not expect that prisoners will have unqualified access to health care" or to the medical treatment of their choosing. *Hudson*, 503 U.S. at 9 (citing *Estelle*, 429 U.S. at 103–04). In this regard, the right to medical treatment is limited to that treatment which is medically necessary and not to "that

5

which may be considered merely desirable." *Bowring v. Godwin*, 551 F.2d 44, 48 (4th Cir. 1977).

The subjective prong of a deliberate indifference claim requires the plaintiff to allege facts that indicate a particular defendant actually knew of and disregarded a substantial risk of serious harm to his or her person. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994). "Deliberate indifference is a very high standard—a showing of mere negligence will not meet it." *Grayson v. Peed*, 195 F.3d 692, 695 (4th Cir. 1999) (citing *Estelle*, 429 U.S. at 105–06).

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he [or she] must also draw the inference.

*Farmer*, 511 U.S. at 837. Farmer teaches "that general knowledge of facts creating a substantial risk of harm is not enough. The prison official must also draw the inference between those general facts and the specific risk of harm confronting the inmate." *Johnson*, 145 F.3d at 168 (citing *Farmer*, 511 U.S. at 837); *see Rich v. Bruce*, 129 F.3d 336, 340 (4th Cir. 1997)). Thus, to survive a motion to dismiss, the deliberate indifference standard requires a plaintiff to assert facts sufficient to form an inference that "the official in question subjectively recognized a substantial risk of harm" and "that the official in question subjectively recognized that his [or her] actions were 'inappropriate in light of that risk.'" *Parrish ex rel. Lee v. Cleveland*, 372 F.3d 294, 303 (4th Cir. 2004) (quoting *Rich*, 129 F.3d at 340 n.2). In evaluating a prisoner's complaint regarding medical care, the Court is mindful that, absent exceptional circumstances, an inmate's disagreement with medical personnel with respect to a course of treatment is insufficient to state a cognizable constitutional claim, much less to demonstrate deliberate indifference. *See Wright*

*v. Collins*, 766 F.2d 841, 849 (4th Cir. 1985) (citing *Gittlemacker v. Prasse*, 428 F.2d 1, 6 (3d Cir. 1970)).

### 1. Serious Medical Need

The failure to provide basic corrective devices may amount to deliberate indifference to a serious medical need. *See Newman v. Alabama*, 503 F.2d 1320, 1331 (5th Cir. 1974) (noting that a prison's alleged failure to provide "eyeglasses and prosthetic devices" may contribute to an Eighth Amendment claim). The United States Court of Appeals for the Fourth Circuit has held that "under [the] appropriate circumstances the refusal to supply a hearing aid to a convict could constitute deliberate indifference to a serious medical need." *Large v. Wash. Cty. Det. Ctr.*, No. 90–6610, 1990 WL 153978, at *2 (4th Cir. Oct. 16, 1990). Here, the Complaint alleges that Black's hearing impairment is severe and Black is unable to "hear what's going on around" him without a hearing aid. (Compl. 4.)[5] Black further alleges that his hearing is deteriorating in the absence of a hearing aid. At this stage, such facts are sufficient to indicate that Black has a serious medical need for a hearing aid. *See Gilmore v. Hodges*, 738 F.3d 266, 275 (11th Cir.

---

[5] Defendants contend, citing *Chacon v. Ofogh*, No. CIV. A. 7:08CV00046, 2008 WL 4146142 (W.D. Va. Sept. 8, 2008), that Black fails to allege sufficient facts to suggest that his need for a hearing aid constitutes a serious medical need. The record in that case, however, reflected Chacon's hearing impairment was not severe. Specifically,

> Chacon met with the doctor at Red Onion, the doctor reviewed the results of his hearing test, evaluated Chacon, and determined that his hearing was not so impaired as to qualify him to receive free hearing aids. Accordingly, although Chacon's hearing impairment may inconvenience him and he may desire hearing aids to improve his quality of life, the court finds that this claim amounts to nothing more than a disagreement between doctor and patient, which is not actionable under the Eighth Amendment.

*Id.* at *4. Additionally, in concluding that Chacon's desire for free hearing aids did not constitute a serious medical need, the Court relied upon evidence that reflected "Chacon was able to 'carry on a normal conversation' and 'hear . . . and respond[ ] without difficulty.'" *Id.* (citation omitted).

7

2013) (holding that the denial of a hearing aid to an inmate could form the basis of an Eighth Amendment claim because "[t]he ability to hear is a basic human need materially affecting daily activity and a substantial hearing impairment plainly requires medical treatment by a physician.").

## 2. **Deliberate Indifference**

Next, Defendants contend that Black has failed to allege sufficient facts to indicate that they acted with deliberate indifference. Referencing a Medical Request Form containing Black's handwritten medical complaint and Meade's written response, Nurse Meade suggests that she cannot be found to have acted with deliberate indifference because there are no allegations that she "failed to adhere to a treatment by [Black's] treating physician" to provide a hearing aid. (ECF No. 23, at 4.) That Medical Request Form, however, indicates that a physician had prescribed a hearing aid for Black. (ECF No. 15–1, at 1.) In that form, Black states, in pertinent part:

> I have a severe hearing problem. As you know the outside doctor report reported that I need hearing aids, your reason for not giving me medical treatment is that this doctor's office will not accept your insurance policy.

(*Id.*)

Moreover, Nurse Meade's response indicates that per the Jail's policy, she was indifferent to Black's medical problem unless it was life-threatening. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (observing that that the plaintiff "bolstered his claim by making more specific allegations in documents attached to the complaint"). Specifically, she stated: "This facility is responsible for providing medical care that sustains your life. Unfortunately your life is not dependent upon receiving hearing aids. Due to not having any options I have been

8

communicating with DOC [Department of Corrections] for advice." (*Id.*)[6] A delay or denial of treatment for "non-life-threatening but painful conditions may constitute deliberate indifference if the delay exacerbated the injury or unnecessarily prolonged an inmate's pain." *Arnett v. Webster*, 658 F.3d 742, 753 (7th Cir. 2011) (citation omitted); *see Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 830 (7th Cir. 2009) ("[T]he turning of a blind eye to the legitimate medical needs of a prisoner-patient . . . can constitute a violation of the Eighth Amendment."). Here, according to the Complaint, the lack of a hearing aid has resulted in Black sustaining further hearing loss and has left Black without the ability to hear for a prolonged period of time. Such allegations are sufficient to indicate that Nurse Meade acted with deliberate indifference to Black's serious medical need. *See Arnett*, 658 F.3d at 753; *Gilmore*, 738 F.3d at 276 ("It takes no great leap of logic to suggest that nearly two years of isolation caused by untreated hearing loss could do serious harm to physical and mental health.").

In an argument similar to that advanced by Nurse Meade, Superintendent Higgs contends this action should be dismissed against him because:

> [T]he Complaint fails to allege [that] Superintendent Higgs failed to adhere to or interfered with a treatment by Plaintiff's treating physician as it relates to his alleged hearing disorder. The Complaint is wholly devoid of any factual allegations that Superintendent Higgs took any actions in regards to the medical care Plaintiff received.

(Mem. Supp. Mot. Dismiss 5, ECF No. 43.) This is simply not accurate. The Complaint and the attached Medical Request Form reflect that a doctor concluded that Black required a hearing aid. According to Black, Superintendent Higgs knew Black needed a hearing aid, but agreed with Nurse Meade that Black would not be supplied with the hearing aid because Black could not pay

---

[6] Contrary to Defendants' suggestion, the context and capitalization in Nurse Meade's response do not indicate she was consulting with a physician about Black's condition. Rather, they indicate that she was consulting with the Department of Corrections as Black would eventually be transferred to that entity and the DOC would be responsible for his medical care.

9

for it. Such allegations are sufficient to support a claim of deliberate indifference against Superintendent Higgs. *See Gilmore*, 738 F.3d at 276–77. Accordingly, Defendants' Motion to Dismiss Black's Eighth Amendment claim will be DENIED.

### IV. Conclusion

Defendants' request to dismiss Black's demand for injunctive relief will be GRANTED. Defendants' request to dismiss Black's Eighth Amendment claim will be DENIED. Defendants' Motion to Dismiss (ECF Nos. 22, 42) will be GRANTED IN PART AND DENIED IN PART. Any party wishing to file a dispositive motion must do so within sixty (60) days of the date of entry hereof.

An appropriate Order will accompany this Memorandum Opinion.

/s/
M. Hannah Lauck
United States District Judge

Date: SEP 13 2017
Richmond, Virginia